Grabau, J.
This is an action of conversion in which the plaintiff seeks to recover from the defendant five thousand ($5,000.00) dollars in damages. Acme in its complaint asserts that on or about July 7, 1976 it sold a commercial camera to the Graphic Composition Company, Inc. of South Boston. Acme took a security agreement for the balance of the sale price in the amount of six thousand three hundred and thirty-five ($6,335.00) dollars and a financing statement was filed in the Secretary of State’s Office on August 6,1976. The defendant bank sold the camera at a public auction pursuant to its own security agreement in 1977.
This case was submitted to the trial justice on an agreed statement of facts which are as follows:
Graphic Composition Company, Inc., executed a note and security agreement with the defendant on October 17,1974. On November 1,1974, financing statements relating to the note and security agreement were filed with the City of Boston and the Commonwealth of Massachusetts.
In 1976, the Graphic Composition Company purchased a commercial camera from the plaintiff. A security agreement dated July 7,1976 was executed between the plaintiff and Graphic Composition Company, Inc. for the purchase of this camera. The camera was delivered to Graphic Composition Company on July 18, 1976 and the financing statements relating to this transaction were filed on August 6, 1976.
By letter dated October 11, 1979, an attorney representing the defendant advised the plaintiff that the defendant had taken possession of all assets of Graphic Composition, Inc. and that, pursuant to a security agreement executed by Graphic Composition Company, Inc. on July 21, 1977, the defendant intended to sell all assets of Graphic Composition on October 30, 1979.
The camera was sold at public auction by the defendant on October 30, 1979.
The fair market value of the camera was five thousand ($5,000.00) dollars.
After considering the stipulation of facts submitted by both parties, the trial judge found for the plaintiff.
The issue presented on appeal is which of the two secured parties, the plaintiff, Acme Northeast Type & Supply, or the defendant, New England Merchants National Bank is entitled to the proceeds of the sale of the camera.
A review of the record on appeal indicates that the defendant first mailed a letter to the plaintiff dated September 26, 1979, stating in relevant part as follows:
In accordance with the terms of a certain security agreement executed by *210 Graphic Composition Company, Inc. on July 21, 1977 to the New England Merchants National Bank, by reason of your default of the terms and conditions of said security agreement and pursuant to the Uniform Commercial Code, the New England Merchants National Bank took possession of all collateral covered by said security agreement.
The defendant asserts that we should disregard the September letter with its reference to the 1977 security agreement because it had recorded a financing statement on October 17,1974 with an “after-acquired clause’ ’ which would include the camera. The plaintiff contends that the defendant cannot invoke rights under the 1974 security lien where it demonstrated a clear intention to sell the collateral under the 1977 security agreement. In the circumstances of this case, we concur with the plaintiff. The 1977 security agreement made no reference to the earlier security agreement and had its own collateral. We do not think we should rewrite or interpret the 1977 letter since there is no question of the defendant’s intention of taking possession and selling the camera pursuant to the 1977 security agreement.
M.G.L. c. 106, § 9-312 (4) states that “A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within ten days thereafter. ’ ’ Under § 9-312 (4), a security interest perfected within this period will have priority over any conflicting security interests. In applying this section to the present case, the court notes that the plaintiffs security interest was filed on August 6,1976 and that the defendant’s security interest was filed on July 21, 1977. The defendant contends that in order to determine priority in the instant case the court should examine when delivery and possession took place. It cites In Re Automated Bookbinding Services, Inc., 471 F.2d 546 (1972), where the court stated that “possession” and “installation” are distinguishable events. We find the defendant’s argument unpersuasive since the defendant sold the camera under the 1977 security agreement.
The plaintiff also had the benefit of protection under M.G.L. c. 106, § 312 (5) (a). Where both security interests are perfected by filing, § 9-312 (5) (a) gives priority in the order of filing or perfection. Since the plaintiff was the first to file in 1976, its security interest has priority over the defendant’s 1977 security interest. Finally, in terms of public policy, the purchase money financer of equipment should be given priority over the equipment financer who claims the new collateral under the after-acquired clause, because the new equipment might not have been acquired but for the capital provided by the purchase money financer. See William D. Hawkland, A Transactional Guide to the Uniform Commercial Code,, § 2.340204.
We conclude for the above reasons that the trial justice did not err in finding for the plaintiff.
Report dismissed